# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

ERICK CERVANTES MERINO,

    Petitioner,

vs.

MARKWAYNE MULLIN, et al.,

    Respondents.

No.  C26-103-LTS-MAR

**MEMORANDUM OPINION AND ORDER**

## *I.    INTRODUCTION*

This matter is before me on a motion (Doc. 6) to dismiss filed by respondents Markwayne Mullin, Joseph Edlow and Xian Wang.  Petitioner Erick Cervantes Merino has filed a resistance (Doc. 9) and respondents have filed a reply (Doc. 10).  Oral argument is not necessary.  *See* Local Rule 7(c).

## *II.    BACKGROUND*

On May 1, 2026, Cervantes Merino filed a complaint (Doc. 1) for mandamus, injunctive and declaratory relief seeking to compel United States Citizenship and Immigration Services (USCIS) to adjudicate his application for Special Immigrant Juvenile Status (SIJS).  On April 30, 2026, USCIS granted Cervantes Merino's SIJS application, but did not concurrently grant deferred action.[1]  *See* Doc. 6-2.  On May 21, 2026, Cervantes Merino filed an amended complaint (Doc. 4) seeking to compel USCIS to adjudicate his deferred action.  Respondents filed a motion (Doc. 6) to dismiss arguing that (1) they had not been properly served and (2) deferred action is a wholly discretionary act of prosecutorial discretion that cannot be judicially reviewed.  Cervantes Merino has

---

[1] Cervantes learned on May 8, 2026, that his SIJ application had been granted.  Doc. 4 at ¶ 42.

since properly served the respondents. *See* Docs. 7, 8. As such, the only remaining issue is whether the court has jurisdiction to provide the relief he seeks.

### III.    ANALYSIS

Deferred action is "a form of enforcement discretion not to pursue the removal of certain aliens for a limited period in the interest of ordering enforcement priorities in light of limitations of available resources, taking into account humanitarian considerations and administrative convenience." 8 C.F.R. § 236.21(c). The parties agree that in 2022, USCIS had a policy of considering deferred action at the same time it considered whether to grant SIJS. On June 6, 2025, the USCIS rescinded the 2022 policy, meaning it would no longer consider granting deferred action to future SIJs.[2] On April 10, 2026, USCIS issued a new policy memorandum, again eliminating the 2022 policy of automatically considering deferred action for SIJs, with an effective date of May 10, 2026. Therefore, any petition that was submitted or approved before May 10, 2026, is subject to the 2022 policy. The parties agree that Cervantes Merino's petition was received before May 10, 2026, meaning USCIS will automatically consider Cervantes Merino for deferred action.

Respondents argue that Congress has stripped district courts of jurisdiction to review the grant, denial or timing of deferred action because deferred action is directly connected to the discrete acts of commencing proceedings, adjudicating cases or executing removal orders. *See* 8 U.S.C. § 1252(g) ("Except as provided [in circumstances that do not apply here], no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 485 (1999) ("Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations").

---

[2] On November 19, 2025, a district court issued an order temporarily staying the 2025 rescission.

For similar reasons, respondents argue that the pace at which USCIS adjudicates a discretionary decision is also discretionary. *See Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024) ("congressional intent is clear; the decision to delay adjudicating" status adjustment applications is discretionary). Respondents also rely on 8 U.S.C. § 1252(a)(2)(B)(ii)[3] to argue there is a jurisdictional bar as to any decision or action made discretionary by statute and that this applies to "all aspects" of a discretionary decision. *See Fofana v. Noem*, 163 F.4th 1135, 1139 (8th Cir. 2026). Finally, respondents argue Cervantes Merino has no "clear and indisputable right" to deferred action or to compel the pace of the deferred action consideration that is required for a court to grant a writ of mandamus. *See Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (noting the three requirements for a court to grant a writ of mandamus include: (1) a clear and indisputable right to the relief sought, (2) the defendant's nondiscretionary duty to honor that right and (3) the petition has no other adequate remedy). Because Cervantes Merino's claim is based on a policy rather than statute, it has no legal force subject to judicial action. They argue that an "unreasonable delay" claim under the Administrative Procedure Act (APA) fails for the same reason. Because deferred action does not involve a discrete agency action that USCIS is required to take, the court cannot grant the requested relief.

I agree with respondents that the court lacks authority to order USCIS to take action with regard to Cervantes Merino's application for deferred action. Deferred action is a discretionary form of relief. *See* 8 C.F.R. § 274a.12(c)(14) (noting deferred action

---

[3] "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this tile."

3

is "an act of administrative convenience to the government that gives some cases lower priority"). Courts lack jurisdiction to review such discretionary decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) ("no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.");[4] 8 U.S.C. § 1252(g) (". . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Arpaio v. Obama*, 797 F.3d 11, 16 (D.C. Cir. 2015) ("One form of discretion the Secretary of Homeland Security exercises is 'deferred action,' which entails temporarily postponing the removal of individuals unlawfully present in the United States." (citing *American-Arab Anti-Discrimination Committee*, 525 U.S. at 484)); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) ("[T]he only agency action that can be compelled under the APA is action legally *required*."). While Cervantes Merino argues that he is not challenging the discretionary decision to grant or deny deferred action, but only USCIS' delay in making the decision, he has not identified anything beyond a policy memo to establish a "clear and indisputable right" to justify mandamus relief. *Castillo v. Ridge*, 445 F.3d at 1061-62.

Nor has he established unreasonable delay under the APA, as he has not pointed to any required timeline for USCIS to consider deferred action and his SIJS petition was approved less than 60 days before he filed his complaint. *See Norton*, 542 U.S. at 63, n.1 ("[Section] 706(1) also authorizes courts to 'compel agency action . . . unreasonably

---

[4] While respondents acknowledge there is no express statutory authorization to grant deferred action, it is nonetheless performed as part of DHS' discretion to "decline to institute proceedings, terminate proceedings, or decline to execute a final order of deportation." *American-Arab Anti-Discrimination Committee*, 525 U.S. at 944. Even if there is no statutory authority to grant deferred action, then respondents argue there is no "clear and indisputable right" to enforce through mandamus. Doc. 10 at 3.

delayed' – but a delay cannot be unreasonable with respect to action that is not required."); 5 U.S.C. § 701(a)(1)-(2) (providing that judicial review under the APA does not apply when a statute precludes judicial review or agency action is committed to agency discretion by law). Because deferred action is a discretionary decision, the timing of such a decision is also discretionary absent any statutory requirement. The court does not have jurisdiction to review this claim.

## IV.  *CONCLUSION*

For the reasons stated herein, respondents' motion (Doc. 6) to dismiss is **granted** and this case is hereby **dismissed**.

**IT IS SO ORDERED** this 24th day of July, 2026.

_____
Leonard T. Strand
United States District Judge